IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00889-BNB

TIMOTHY TUTTAMORE,

    Applicant,

v.

BOP DIRECTOR LAPPIN,
USP TERRA HAUTE WARDEN BEZY,
USP TERRA HAUTE SIS COLMAN,
USP TERRA HAUTE DHO KILLION,
ADX WARDEN WILEY, and
ADX UNIT MANG. COLLINS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 3 1 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Timothy Tuttamore, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. Mr. Tuttamore has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He has paid the $5.00 filing fee for a habeas corpus action. As relief he asks for the return of twenty-seven days of lost, good-conduct time; a change in his classification; and his transfer from ADX to an institution "within his own region." *See* application at E. Request for Relief.

The Court must construe the habeas corpus application liberally because Mr. Tuttamore is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court

should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Tuttamore will be ordered to file an amended application.

The Court has reviewed the application and finds that the application is deficient. Mr. Tuttamore's application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Tuttamore's application is confusing because he has failed to use properly the Court-approved form for filing a 28 U.S.C. § 2241 application. Instead, his application refers to an attached document in which he asserts his claims and request for relief and to which he attaches additional documents whose relevance to the asserted claims he fails to explain. In addition, Mr. Tuttamore appears to be asserting claims pursuant to § 2241 because he is challenging the execution of his conviction and sentence, *see Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000), and he also

appears to be asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because he is challenging the conditions of his confinement. Generally, a federal prisoner's challenge to his conditions of confinement is cognizable in a civil rights action under *Bivens*. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

To the extent Mr. Tuttamore asserts claims challenging the execution of his sentence, he may do so in the instant habeas corpus action pursuant to 28 U.S.C. § 2241. Mr. Tuttamore must exhaust BOP administrative remedies before he raises his § 2241 claims in federal court. Prior to seeking habeas corpus relief under § 2241, federal prisoners must exhaust administrative remedies. *Montez*, 208 F.3d at 866; *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). To the extent Mr. Tuttamore is challenging the conditions of his confinement, he must do so in a separate *Bivens* action.

Mr. Tuttamore also should take note that pursuant to 28 U.S.C. § 2243 (2006) a habeas corpus application is directed to the person who has custody of the person detained. The only correct respondent in this action would be the custodian of the facility where Mr. Tuttamore is incarcerated. Therefore, Mr. Tuttamore will be directed to name the custodian of the facility where he is incarcerated in the amended application.

Although Mr. Tuttamore has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file the appropriate claims in an amended 28 U.S.C. § 2241 application that does not incorporate by reference the application he originally filed. In

the amended application, he must clarify his habeas corpus claims, name the proper respondent, and clarify the steps he has taken to exhaust BOP administrative remedies as to each asserted habeas corpus claim. Accordingly, it is

ORDERED that Mr. Tuttamore file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Tuttamore, together with a copy of this order, two copies of the Court-approved form for use in filing the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Tuttamore fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED May 30, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00889-BNB

Timothy Tuttamore
Reg. No. 43018-060
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 5/31/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk